UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LUGO,

       Plaintiff,

v.

                                          CASE NO.

KEYSCARIBBEAN COLLECTION, LLC,
BOAT HOUSE/CORAL LAGOON MASTER
PROPERTY OWNERS' ASSOCIATION, INC.,
VILLAGE AT HAWK'S CAY PROPERTY
OWNERS' ASSOCIATION, INC.,
ANGLER'S REEF PROPERTY OWNERS'
ASSOCIATION, INC., MARINER'S
CLUB HOMEOWNERS ASSOCIATION, INC.,
and INDIGO REEF MARINA HOMEOWNERS
ASSOCIATION, INC.,

       Defendants.

_____/

## **COMPLAINT**

Plaintiff, Daniel Lugo, by and through his undersigned counsel, hereby

sues the Defendant, KEYSCARIBBEAN COLLECTION, LLC, BOAT

HOUSE/CORAL LAGOON MASTER PROPERTY OWNERS' ASSOCIATION,

INC., VILLAGE AT HAWK'S CAY PROPERTY OWNERS' ASSOCIATION,

INC., ANGLER'S REEF PROPERTY OWNERS' ASSOCIATION, INC.,

MARINER'S CLUB HOMEOWNERS ASSOCIATION, INC. and INDIGO REEF

MARINA HOMEOWNERS ASSOCIATION, INC., for injunctive relief pursuant

to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

## JURISDICTION

1.   This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

## VENUE

2.   Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and the facilities, whose online reservation system is at issue herein, is situated in this district.

## PARTIES

3.   Plaintiff, Daniel Lugo, is an individual who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident. Plaintiff must use a wheelchair to ambulate. Plaintiff also has limited use of his hands and fingers. Defendants' online lodging reservation system fails to comply with any of the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities,

privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to cure the substantive ADA violations contained on their online reservation system. Plaintiff intends to visit the online reservation system for Defendants' places of lodging in the near future, and within thirty (30) days, to book a place of lodging and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation system for compliance with 28 C.F.R. §36.302(e).

4.   Defendant KEYSCARIBBEAN COLLECTION, LLC is the operator and Defendant Boat House/Coral Lagoon Master Property Owners' Association, Inc. is the owner and/or co-operator of the Coral Lagoon Resort located at 12399 Overseas Highway in Marathon, Florida ("the Coral Lagoon"). The online reservation system for the Coral Lagoon is found at www.keyscaribbean.com/resort/coral-lagoon-resort/.

5.   Defendant KEYSCARIBBEAN COLLECTION, LLC is the operator and Defendant Village At Hawk's Cay Property Owners' Association, Inc. is the owner and/or co-operator of the Village At Hawks Cay Villas located at 800 Duck Key Drive in Marathon, Florida ("the Village"). The online reservation system for the Village is found at www.keyscaribbean.com/resort/village-at-hawks-cay-villas/.

6.   Defendant KEYSCARIBBEAN COLLECTION, LLC is the operator and Defendant Angler's Reef Property Owners' Association, Inc. is the owner and/or co-operator of the Angler's Reef Resort located at 84977 Overseas Highway in Islamorada, Florida ("the Angler's Reef"). The online reservation system for the Angler's Reef is found at www.keyscaribbean.com/resort/anglers-reef-resort/.

7.   Defendant KEYSCARIBBEAN COLLECTION, LLC is the operator and Defendant Mariner's Club Homeowners Association, Inc. is the owner and/or co-operator of the Mariner's Club Key Largo located at 97501 Overseas Highway in Key Largo, Florida ("the Mariner's Club"). The online reservation system for the Mariner's Club is found at www.keyscaribbean.com/resort/mariners-club-key-largo/.

8.   Defendant KEYSCARIBBEAN COLLECTION, LLC is the operator and Defendant Indigo Reef Marina Homeowners Association, Inc. is the owner and/or co-operator of the Indigo Reef Resort located at 11600 1st Avenue Gulf in Marathon, Florida ("the Indigo Reef Resort"). The online reservation system for the Indigo Resort is found at www.keyscaribbean.com/resort/indigo-reef-resort/.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

9.   On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to

provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

10.   Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

11.   On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably

permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[1]

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations system; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

## <u>COUNT – I  THE CORAL LAGOON</u>

12.    Plaintiff realleges and incorporates paragraphs 1 through 4 and 9 through 11 above herein.

13.    The Coral Lagoon is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Coral Lagoon has an online reservation system whereby potential patrons may reserve a place of lodging. The reservation system is subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendants are responsible for said compliance.

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

14.   Most recently, during January, 2022 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible place of lodging at the Coral Lagoon through Defendants' online reservation system but was unable to do so due to Defendants' failure to comply with the requirements set forth in paragraph 11.

15.   Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation system for places of lodging, are in compliance with the ADA.

16.   Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered through the Coral Lagoon's online reservation system due to the substantive ADA violations contained thereon.

17.   The online reservation system for the Coral Lagoon encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Coral Lagoon's online reservation system, he tried to make reservations for an accessible place of lodging at the Coral Lagoon, since he requires an accessible place of lodging due to his inability to

walk, but it was not possible to make such a reservation. It was possible to reserve a place of lodging that was not accessible. For this reason Defendants have no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible places of lodging during the same hours and in the same manner as individuals who do not need accessible places of lodging. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Coral Lagoon's online reservation system, he searched the site for the identification and descriptions of accessible features at the Coral Lagoon and places of lodging offered through the reservation service so that he could assess independently whether the Coral Lagoon or a specific place of lodging at the Coral Lagoon met his accessibility needs in light of his disability but the reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendants also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe any accessible place of lodging and does not, in turn, allow the reserving of such accessible place of lodging, the Website cannot hold such unavailable accessible places of lodging in the reservations system until all other units have been rented, block such unavailable accessible places of lodging from the system once reserved, and guaranty that such unavailable accessible

places of lodging will be held for the reserving customer as required by sections (iii) - (v) respectively.

18.   Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to correct the ADA violations to the online reservations system for the Coral Lagoon and maintain the online reservations system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

19.   Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

20.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendants to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendants to alter and maintain its online reservations system in accordance with the requirements set forth in paragraph 11 above.[2]

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Defendants to develop, and strictly enforce, a policy requiring regular monitoring of their online reservations system. As rates and classes of the places of lodging at the Coral Lagoon and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the

WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendants to alter and maintain the online reservations system for the Coral Lagoon in accordance with the requirements set forth in paragraph 11 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT – II  THE VILLAGE

21.    Plaintiff realleges and incorporates paragraphs 1 through 3, 5 and 9 through 11 above herein.

22.    The Village is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Village has an online reservation system whereby potential patrons may reserve a place of lodging. The reservation system is subject to the requirements of 28 C.F.R. § 36.302(e) and Defendants are responsible for said compliance.

23.    Most recently, during January, 2022 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible place of lodging at the

---

Coral Lagoon, the online reservations system must continuously be updated to properly reflect and describe Defendants' compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).

Village through Defendants' online reservation system but was unable to do so due to Defendants' failure to comply with the requirements set forth in paragraph 11.

24.   Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation system for places of lodging, are in compliance with the ADA.

25.   Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered through the Village's online reservation system due to the substantive ADA violations contained thereon.

26.   The online reservation system for the Village encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Village's online reservation system, he tried to make reservations for an accessible place of lodging at the Village, since he requires an accessible place of lodging due to his inability to walk, but it was not possible to make such a reservation. It was possible to reserve a place of lodging that was not accessible. For this reason Defendants have no policy, practice, or procedure in place to ensure that individuals with disabilities can make

reservations for accessible places of lodging during the same hours and in the same manner as individuals who do not need accessible places of lodging. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Village's online reservation system, he searched the site for the identification and descriptions of accessible features at the Village and places of lodging offered through the reservation service so that he could assess independently whether the Village or a specific place of lodging at the Village met his accessibility needs in light of his disability but the reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendants also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe any accessible place of lodging and does not, in turn, allow the reserving of such accessible place of lodging, the Website cannot hold such unavailable accessible places of lodging in the reservations system until all other units have been rented, block such unavailable accessible places of lodging from the system once reserved, and guaranty that such unavailable accessible places of lodging will be held for the reserving customer as required by sections (iii) - (v) respectively.

27.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to correct the ADA

violations on the online reservations system for the Village and maintain the online reservations system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

28.    Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

29.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendants to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendants to alter and maintain their online reservations system in accordance with the requirements set forth in paragraph 11 above.[3]

WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendants to alter and maintain the

---

[3] The injunction, to be meaningful and fulfill its intended purpose, should require Defendants to develop, and strictly enforce, a policy requiring regular monitoring of their online reservations system. As rates and classes of the places of lodging at the Village and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Village, the online reservations system must continuously be updated to properly reflect and describe Defendants' compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).

online reservations system for the Village in accordance with the requirements set forth in paragraph 11 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT – III  THE ANGLER'S REEF

30.   Plaintiff realleges and incorporates paragraphs 1 through 3, 6 and 9 through 11 above herein.

31.   The Angler's Reef is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Angler's Reef has an online reservation system whereby potential patrons may reserve a place of lodging. The reservation system is subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendants are responsible for said compliance.

32.   Most recently, during January, 2022 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible place of lodging at the Angler's Reef through Defendants' online reservation system but was unable to do so due to Defendants' failure to comply with the requirements set forth in paragraph 11.

33.   Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation,

including online reservation system for places of lodging, are in compliance with the ADA.

34.   Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered through the Angler's Reef's online reservation system due to the substantive ADA violations contained thereon.

35.   The online reservation system for the Angler's Reef encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Angler's Reef's online reservation system, he tried to make reservations for an accessible place of lodging at the Angler's Reef, since he requires an accessible place of lodging due to his inability to walk, but it was not possible to make such a reservation. It was possible to reserve a place of lodging that was not accessible. For this reason Defendants have no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible places of lodging during the same hours and in the same manner as individuals who do not need accessible places of lodging. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Angler's Reef's online reservation system, he searched the site for the identification and descriptions of accessible features at the Angler's Reef and places of lodging offered through the reservation service so that he could assess

independently whether the Angler's Reef or a specific place of lodging at the Angler's Reef met his accessibility needs in light of his disability but the reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendants also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe any accessible place of lodging and does not, in turn, allow the reserving of such accessible place of lodging, the Website cannot hold such unavailable accessible places of lodging in the reservations system until all other units have been rented, block such unavailable accessible places of lodging from the system once reserved, and guaranty that such unavailable accessible places of lodging will be held for the reserving customer as required by sections (iii) - (v) respectively.

36.   Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to correct the ADA violations on the online reservations system for the Angler's Reef and maintain the online reservations system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

37.   Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs

and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

38.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendants to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendants to alter and maintain their online reservations system in accordance with the requirements set forth in paragraph 11 above.[4]

WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendants to alter and maintain the online reservations system for the Angler's Reef in accordance with the requirements set forth in paragraph 11 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

---

[4] The injunction, to be meaningful and fulfill its intended purpose, should require Defendants to develop, and strictly enforce, a policy requiring regular monitoring of their online reservations system. As rates and classes of the places of lodging at the Angler's Reef and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Angler's Reef, the online reservations system must continuously be updated to properly reflect and describe Defendants' compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).

## COUNT – IV  THE MARINER'S CLUB

39.    Plaintiff realleges and incorporates paragraphs 1 through 3, 7 and 9 through 11 above herein.

40.    The Mariner's Club is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Mariner's Club has an online reservation system whereby potential patrons may reserve a place of lodging. The reservation system is subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendants are responsible for said compliance.

41.    Most recently, during January, 2022 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible place of lodging at the Mariner's Club through Defendants' online reservation system but was unable to do so due to Defendants' failure to comply with the requirements set forth in paragraph 11.

42.    Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation system for places of lodging, are in compliance with the ADA.

43.   Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered through the Mariner's Club's online reservation system due to the substantive ADA violations contained thereon.

44.   The online reservation system for the Mariner's Club encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Mariner's Club's online reservation system, he tried to make reservations for an accessible place of lodging at the Mariner's Club, since he requires an accessible place of lodging due to his inability to walk, but it was not possible to make such a reservation. It was possible to reserve a place of lodging that was not accessible. For this reason Defendants have no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible places of lodging during the same hours and in the same manner as individuals who do not need accessible places of lodging. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Mariner's Club's online reservation system, he searched the site for the identification and descriptions of accessible features at the Mariner's Club and places of lodging offered through the reservation service so that he could assess independently whether the Mariner's Club or a specific place of lodging at the Mariner's Club met his accessibility needs in light of his disability but the

reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendants also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe any accessible place of lodging and does not, in turn, allow the reserving of such accessible place of lodging, the Website cannot hold such unavailable accessible places of lodging in the reservations system until all other units have been rented, block such unavailable accessible places of lodging from the system once reserved, and guaranty that such unavailable accessible places of lodging will be held for the reserving customer as required by sections (iii) - (v) respectively.

45.   Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to correct the ADA violations on the online reservations system for the Mariner's Club and maintain the online reservations system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

46.   Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

47.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendants to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendants to alter and maintain their online reservations system in accordance with the requirements set forth in paragraph 11 above.[5]

WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendants to alter and maintain the online reservations system for the Mariner's Club in accordance with the requirements set forth in paragraph 11 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## <u>COUNT – V  THE INDIGO REEF RESORT</u>

48.   Plaintiff realleges and incorporates paragraphs 1 through 3 and 8 through 11 above herein.

---

[5] The injunction, to be meaningful and fulfill its intended purpose, should require Defendants to develop, and strictly enforce, a policy requiring regular monitoring of their online reservations system. As rates and classes of the places of lodging at the Mariner's Club and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Mariner's Club, the online reservations system must continuously be updated to properly reflect and describe Defendants' compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).

49.   The Indigo Reef Resort is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Indigo Reef Resort has an online reservation system whereby potential patrons may reserve a place of lodging. The reservation system is subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendants are responsible for said compliance.

50.   Most recently, during January, 2022 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible place of lodging at the Indigo Reef Resort through Defendants' online reservation system but was unable to do so due to Defendants' failure to comply with the requirements set forth in paragraph 11.

51.   Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation system for places of lodging, are in compliance with the ADA.

52.   Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered through the Indigo Reef Resort's online reservation system due to the substantive ADA violations contained thereon.

53.   The online reservation system for the Indigo Reef Resort encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Indigo Reef Resort's online reservation system, he tried to make reservations for an accessible place of lodging at the Indigo Reef Resort, since he requires an accessible place of lodging due to his inability to walk, but it was not possible to make such a reservation. It was possible to reserve a place of lodging that was not accessible. For this reason Defendants have no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible places of lodging during the same hours and in the same manner as individuals who do not need accessible places of lodging. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Indigo Reef Resort's online reservation system, he searched the site for the identification and descriptions of accessible features at the Indigo Reef Resort and places of lodging offered through the reservation service so that he could assess independently whether the Indigo Reef Resort or a specific place of lodging at the Indigo Reef Resort met his accessibility needs in light of his disability but the reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendants also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe

any accessible place of lodging and does not, in turn, allow the reserving of such accessible place of lodging, the Website cannot hold such unavailable accessible places of lodging in the reservations system until all other units have been rented, block such unavailable accessible places of lodging from the system once reserved, and guaranty that such unavailable accessible places of lodging will be held for the reserving customer as required by sections (iii) - (v) respectively.

54.   Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to correct the ADA violations on the online reservations system for the Indigo Reef Resort and maintain the online reservations system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

55.   Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

56.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendants to implement policies, consistent with the ADA, to accommodate the disabled, by

requiring Defendants to alter and maintain their online reservations system in accordance with the requirements set forth in paragraph 7 above.[6]

WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendants to alter and maintain the online reservations system for the Indigo Reef Resort in accordance with the requirements set forth in paragraph 11 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Lee D. Sarkin
DREW M. LEVITT
Florida Bar No: 782246
drewmlevitt@gmail.com
LEE D. SARKIN
Florida Bar No. 962848
LSarkin@aol.com
4700 N.W. Boca Raton Blvd, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Attorneys for Plaintiff

---

[6] The injunction, to be meaningful and fulfill its intended purpose, should require Defendants to develop, and strictly enforce, a policy requiring regular monitoring of their online reservations system. As rates and classes of the places of lodging at the Indigo Reef Resort and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Indigo Reef Resort, the online reservations system must continuously be updated to properly reflect and describe Defendants' compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).